## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## B.B.S.A., INC., d/b/a Burger Boy Food-O-Rama, Respondent.

### No. 10224.

United States Court of Appeals Fourth Circuit.

Argued March 8, 1966.

Decided March 11, 1966.

Elliott Moore, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Herbert N. Bernhardt, Atty., N. L. R. B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va. (Claude R. Hill, Jr., Fayetteville, W. Va., Gardner & Holroyd, Washington, D. C., and Love, Abbot & Hill, Fayetteville, W. Va., on brief), for respondent.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM:

National Labor Relations Board petitions for enforcement of its order of March 9, 1965, against respondent and we think the order should be enforced. The Board's Decision and Order are reported at 151 N.L.R.B. No. 58.

■ The Board found that respondent violated: (1) Section 8(a) (1) of the Act by threatening to discharge employees and to close the respondent's restaurant if they selected the Union; (2) Section 8(a) (3) and (1) by its discriminatory discharge of Stephen Stogden because of his union activity; and (3) Section 8(a) (5) and (1) by refusing to recognize and bargain with the Union. We find substantial evidence on the whole record to support these findings and we deem it unnecessary to restate the evidence upon which the Board relied.[1]

■ At the hearing, the Company called for the production of prehearing affidavits which Stogden, the discharged employee, had given to the Board and the Union. General Counsel produced a "copy of the affidavit given the Board agent" and an unsigned statement apparently taken by the Union. On further examination, Stogden testified that from time to time he went over to the union hall and that he gave two or more statements (he was not certain as to the number) but he did not recall signing any of those given to the Union. Both counsel for the General Counsel and counsel for the Union stated that the documents produced for Company inspection were the only such documents in their respective "files." Counsel for the Company then moved to strike all of Stogden's testimony "for failure of the Government to provide us with all the affidavits, pretrial statements of this witness." The Board's rule[2] upon which the Company relies provides for production of a statement "in possession of the general counsel, if such statement has been reduced to writing and signed or otherwise approved or adopted by the witness."

The Company now contends that the statements of counsel for General Counsel counsel for the Union that they had no other statements of Stogden in their "files" were evasive and should not be treated as denials of *possession* of other Stogden statements which should have been produced. But counsel for the Company did not specifically indicate dissatisfaction with or objection to the sufficiency of responses of opposing counsel. In the absence of specific objection the trial examiner was justified in interpreting the responses as assurances that there were no other statements the production of which was required by the Board's rule.

We conclude that the failure to strike Stogden's testimony was not error. In fact, the only statement affirmatively shown to have met the specifications of the Board's rule—that is, a statement adopted by the witness and in the General Counsel's possession—was produced.

Enforcement granted.

---

1. See 151 N.L.R.B. No. 58.

2. Sec. 102.118 of the Board's Rules and Regulations, Series 8 as amended, 29 C.F.R. Section 102.118 provides in part: "After a witness called by the general counsel has testified in a hearing upon a complaint under section 10(c) of the act, the respondent may move for the production of any statement of such witness in possession of the general counsel, if such statement has been reduced to writing and signed or otherwise approved or adopted by the witness. Such motion shall be granted by the trial examiner. If the general counsel declines to furnish the statement, the testimony of the witness shall be stricken."